J-S10001-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CAMDYN DAVIS-OSTERHOUDT | : | |
| | : | |
| Appellant | : | No. 1251 MDA 2021 |

Appeal from the PCRA Order Entered September 17, 2021
In the Court of Common Pleas of Tioga County
Criminal Division at CP-59-CR-0000333-2018

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:                       **FILED APRIL 01, 2022**

Camdyn Davis-Osterhoudt (Appellant) appeals from the order denying

his first petition filed pursuant to the Post Conviction Relief Act (PCRA).  ***See***

42 Pa.C.S.A. §§ 9541-9546.  We affirm.

This Court previously detailed the factual and procedural history of this

case as follows:

> On September 6, 2018, Appellant and Naseer Timothy
> Burzak (Co-Defendant) entered the victims' residence armed with
> an assault rifle and handgun.  Appellant and Co-Defendant were
> dressed in black, wearing gorilla masks and black gloves.  Holding
> the victims at gunpoint, they took $150 in cash, a handgun, a
> wallet, a knife, and a cell phone.
>
> Appellant and Co-Defendant were arrested and charged with
> numerous offenses, including robbery, criminal conspiracy, and
> unlawful restraint.  On May 29, 2019, Co-Defendant entered a
> guilty plea to one count of robbery, and was sentenced, on

_____

[*] Retired Senior Judge assigned to the Superior Court.

September 12, 2019, to a term of **intermediate punishment**. On August 5, 2019, Appellant entered a guilty plea to one count of robbery with intent to cause immediate serious injury in exchange for the *nolle pros* of his remaining charges.

A sentencing hearing was held on October 28, 2019. The trial court acknowledged it had reviewed Appellant's pre-sentence investigation report ("PSI"), and the parties agreed the sentencing guidelines called for a **standard range sentence** of 45 to 63 months' imprisonment. Appellant argued "he should probably receive something less[ ]" than Co-Defendant, because "as a matter of fairness," Co-Defendant [allegedly] "had a prior record," and Appellant did not. [N.T., 10/28/19, at 5]. Notwithstanding this argument, the trial court imposed a standard range sentence of 45 to 90 months' imprisonment.

***Commonwealth v. Davis-Osterhoudt***, 248 A.3d 464, at \*\*1-2 (Pa. Super. Jan. 5, 2021) (unpublished memorandum) (emphasis added; citations to record and footnotes omitted); ***see also id.*** at \*2 n.6 (stating that neither Appellant nor Co-Defendant had a prior criminal record).

On November 8, 2019, Appellant, through counsel (prior counsel), filed an **untimely** post-sentence motion. Appellant argued he "should have received the same sentence or perhaps a more lenient sentence than [] Co-Defendant," because "the conduct engaged in [by] both of [them] was identical." Post-Sentence Motion, 11/8/19, ¶¶ 7, 9. The trial court held a hearing and denied the post-sentence motion on February 14, 2020. Appellant filed an **untimely** notice of appeal on March 31, 2020, followed by a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

On direct appeal, Appellant argued the trial court "abused its discretion by imposing a harsher sentence than that received by his Co-Defendant." *Davis-Osterhoudt*, 248 A.3d 464, at \*1. We quashed, reasoning:

> Appellant was sentenced on October 28, 2019. He then filed an **untimely** post-sentence motion on November 8th. As a result, the appeal period was not tolled. *See* [*Commonwealth v.*] *Green*, 862 A.2d [613,] 618 [(Pa. Super. 2004) (*en banc*) ("since [a]ppellant did not file a timely post-sentence motion, her appeal period began to run from the date sentence was imposed"); *see also* Pa.R.A.P. 903(a) (30-day appeal period)]. Appellant's notice of appeal was then due November 26, 2019, 30 days after the imposition of sentence. *See* Pa.R.Crim.P. 720(A)(3). However, Appellant filed his notice of appeal on March 31, 2020, more than 150 days after sentencing. Appellant's notice of appeal was therefore untimely filed.

*Davis-Osterhoudt*, *supra*, at \*7 (emphasis in original; footnotes omitted).

We further stated:

> Assuming *arguendo* this Court had jurisdiction to consider the merits of Appellant's case, we would conclude his disparate sentence claim is waived for failure to include the argument in his 1925(b) concise statement. *See* Pa.R.A.P. 1925(b)(4)(ii) (litigants are required to "concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge."); *see also Commonwealth v. Castillo*, 585 Pa. 395, 888 A.2d 775, 780 (Pa. 2005) ("issues not raised in a Pa.R.A.P.1925(b) statement will be deemed waived."). Appellant's 1925(b) concise statement alleges the trial court imposed a manifestly excessive sentence by failing to consider "all relevant statutory sentencing factors[.]" Appellant's Concise Statement of Matters Complained of on Appeal Pursuant to Rule 1925(b) Order, 4/23/20. However, in his brief, Appellant simply argues the court abused its discretion in imposing a "far greater and more harsh sentence than" Co-Defendant. Appellant's Brief at 12. Thus, his disparate sentence claim would be waived. Moreover, we note "it has never been a rule in this Commonwealth that co-defendants are required to receive equal sentences[.]" *Commonwealth v. Krysiak*, 369 Pa. Super. 293, 535 A.2d 165, 167 (Pa. Super. 1987) (citation omitted).

- 3 -

*Davis-Osterhoudt*, *supra*, at *7 n.11.

On January 25, 2021, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended PCRA petition on March 24, 2021. Appellant asserted ineffective assistance of prior counsel for failing to timely file a direct appeal and preserve Appellant's sentencing issue. **See** Amended PCRA Petition, 3/24/21, at 3-4; **see also** 42 Pa.C.S.A. § 9543(a)(2)(ii) (relief for ineffective assistance of counsel). Appellant further claimed the court imposed a sentence greater than the lawful maximum. Appellant "requested that his sentence be modified to generally conform to the sentence imposed upon his Co-Defendant." Amended PCRA Petition, 3/24/21, at 3; **see also** 42 Pa.C.S.A. § 9543(a)(2)(vii) (relief for unlawful sentences). On May 4, 2021, the Commonwealth filed an answer in opposition. The PCRA court held a hearing on June 11, 2021.

On September 17, 2021, the PCRA court denied Appellant's petition. In an accompanying opinion, the PCRA court addressed the disparity in the sentences of Appellant and Co-Defendant:

> At the time [the trial] court imposed sentence upon Appellant's Co-Defendant, **the court erred when it imposed a county intermediate punishment sentence upon Appellant's Co-Defendant**. Neither Co-Defendant nor Appellant met the statutory definition of an "eligible offender" for County intermediate punishment pursuant to 42 Pa.C.S.A. § 9802 since their robbery convictions precluded both from the program. **Prior to imposing sentence upon Appellant, the court became aware of this error**. Rather than compound the issue by sentencing Appellant to a likewise illegal sentence, the court instead imposed a term of imprisonment upon him for a minimum

period of 45 months [to] a maximum period of 90 months. **This sentence is at the very bottom of the guideline range** for the deadly weapon enhancement that this court determined applied based upon Appellant's possession of a deadly weapon.

PCRA Court Opinion, 9/17/21, at 2 n.4 (emphasis added).

In addition, the PCRA court rejected Appellant's claim of ineffectiveness of prior counsel with respect to Appellant's "disparate sentencing" claim, concluding Appellant failed to establish that the outcome of his direct appeal would have been different had prior counsel preserved the claim. *See id.* at 5-7; *Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015) (to prove ineffectiveness, the petitioner must prove, *inter alia*, "he suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability the result of the proceeding would have been different."). The PCRA court reasoned:

Notwithstanding prior counsel's failure to preserve the claim in the trial court and failure to correctly frame the issue in his 1925(b) Statement, the Superior Court[, on direct appeal,] correctly identified the claim as a disparate sentence claim. Moreover, the Superior Court continued to note that "it has never been a rule in this Commonwealth that co-defendants are required to receive equal treatment," [*Davis-Osterhoudt*, *supra*, at *7 n.11] citing *Krysiak*[, *supra*].

PCRA Court Opinion, 9/17/21, at 7.

Appellant timely appealed. Both the PCRA court and Appellant complied with Pa.R.A.P. 1925. On appeal, Appellant presents three issues for review:

I. Did the trial court err in concluding that the general prohibition against significant disparities in the sentences of co-defendants who are sentenced by the same judge, absent

facts-of-record supporting the disparity, does not apply when the disparity is the result of an earlier grant [of] leniency?

II. Did the trial court err in concluding that the Commonwealth's failure to challenge the erroneous imposition of a county intermediate punishment sentence when sentencing one defendant is not equally binding upon the Commonwealth with respect to an identically situated co-defendant?

III. Did the trial court err by relying on *dicta* in the Superior Court's January 5, 2021 decision to conclude that [Appellant] was not prejudiced by prior counsel's failure to preserve a challenge to [Appellant's] sentence premised on the disparity between his sentence and his codefendant's sentence?

Appellant's Brief at 6 (issues reordered, capitalization omitted).[1]

"Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Hand**, 252 A.3d 1159, 1165 (Pa. Super. 2021) (citation omitted). "[W]e will not disturb the findings of the PCRA court unless those findings have no support in the certified record." **Commonwealth v. Rivera**, 154 A.3d 370, 377 (Pa. Super. 2017) (*en banc*).

As Appellant's issues are related, we address them together. Appellant argues the trial court imposed an unlawful sentence where Appellant "and his Co-Defendant committed the same crime, entered essentially identical pleas as part of essentially identical plea bargains, and had the same prior record score of zero," but Co-Defendant received a lenient sentence of intermediate

---

[1] The Commonwealth has not filed a reply brief.

punishment, in contrast to Appellant's state prison sentence. Appellant's Brief at 29. According to Appellant, "[e]ven if [Appellant's] sentence would have been legal in isolation, the extreme and disparate impact on the two identically-situated co-defendants renders it illegal." *Id.* at 24 (emphasis omitted). Appellant contends the PCRA court "also failed to disclose on the record **any** basis for the resulting sentencing disparity until it issued its September 17, 2021 Opinion in support of dismissing [Appellant's] PCRA petition." *Id.* at 17 (emphasis in original) (citing PCRA Court Opinion, 9/17/21, at 2 n.4). Finally, Appellant claims "the trial court erred in concluding that the Commonwealth's failure to challenge the erroneous imposition of a county intermediate punishment sentence when sentencing one defendant[, *i.e.*, Co-Defendant,] is not equally binding upon the Commonwealth with respect to an identically situated co-defendant[.]" *Id.* at 27.

We first examine whether Appellant's claims are cognizable under the PCRA. Although Appellant claims to be challenging the legality of his sentence, his argument (the trial court improperly imposed disparate sentences on identically situated co-defendants) challenges the discretionary aspects of his sentence. *See* Appellant's Brief at 21-23 (analysis of discretionary aspects of sentencing claims); *Commonwealth v. Cleveland*, 703 A.2d 1046, 1048 (Pa. Super. 1997) (claim "alleging an unexplained disparity between [defendant's] sentence and that of a co-defendant" implicates the discretionary aspects of sentencing). "Challenges to the discretionary aspects

of sentencing are not cognizable under the PCRA." ***Commonwealth v. Fowler***, 930 A.2d 586, 593 (Pa. Super. 2007) (citing 42 Pa.C.S.A. § 9543(2)(vii); ***Commonwealth v. Evans***, 866 A.2d 442, 444-45 (Pa. Super. 2005)). Thus, Appellant's claims are not cognizable.

Appellant additionally claims that prior counsel was ineffective for failing to preserve his disparate sentencing issue on direct appeal. ***See***, ***e.g.***, Appellant's Brief at 14-16, 20-21, 29. This claim, which Appellant preserved, ***see*** Amended PCRA Petition, 3/24/21, ¶¶ 13-21, is cognizable under the PCRA. ***Commonwealth v. Sarvey***, 199 A.3d 436, 455 (Pa. Super. 2018) ("claims implicating the discretionary aspects of sentencing raised in the context of an ineffectiveness claim are cognizable under the PCRA.").

Regarding ineffectiveness, the Pennsylvania Supreme Court has stated:

Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. … [T]o prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. If a petitioner fails to prove any of these prongs, his claim fails. Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. Where matters of strategy and tactics are concerned, a finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.

*Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citations omitted).

Here, Appellant argues:

It is undisputed that prior counsel (i) failed to file a timely post-sentence motion, (ii) failed to file a timely appeal, and (iii) failed to properly preserve a challenge premised specifically on disparate sentencing. A colorable and reviewable challenge to the disparity between [Appellant's] sentence and that of his Co-Defendant existed, and [Appellant] was therefore prejudiced when he was denied the opportunity to have the Superior Court consider that issue.

Appellant's Brief at 16.

Appellant further asserts the PCRA court "erred in concluding that prior counsel's error in negligently waiving the disparate-sentencing issue was harmless[.]" *Id.* at 14. Specifically, Appellant alleges the court erred by relying on this Court's prior statement on direct appeal that "it has never been a rule in this Commonwealth that co-defendants are required to receive equal sentences," *Davis-Osterhoudt*, *supra*, at *7 n.11 (citation omitted), because "such statement is mere *dicta*." Appellant's Brief at 14.

To succeed on an ineffectiveness claim for failure to preserve a challenge to the discretionary aspects of sentencing, the petitioner must demonstrate the underlying sentencing claim merits relief. *See Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008) ("[I]f the PCRA court can determine from the record that the sentence was not excessive, … then there is no underlying merit to the ineffectiveness claim and the claim must fail."); *see also Commonwealth v. Reaves*, 923 A.2d 1119, 1131-32 (Pa. 2007)

(a claim of ineffectiveness for failure to preserve discretionary sentencing issue requires showing of reasonable probability that sentencing court would have imposed lesser sentence). "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Barnes*, 167 A.3d 110, 122 n.9 (Pa. Super. 2017) (*en banc*) (citation omitted).

> Regarding disparate sentences of co-defendants,
>
> > a defendant is not entitled to the same sentence as that imposed on another person involved in the same crime. *Commonwealth v. Mastromarino*, … 2 A.3d 581, 589 (Pa. Super. 2010). Rather, "when there is a disparity between co-defendants' sentences, a sentencing court must give reasons to each defendant explaining why they received their individual sentences." *Id.* (quotation marks and quotation omitted).

*Commonwealth v. Ali*, 197 A.3d 742, 764 (Pa. Super. 2018); *see also Commonwealth v. Szczesniewski*, 591 A.2d 1055, 1056 (Pa. Super. 2010). However, the sentencing court is not required to justify the disparity with reference to the specific sentence imposed on the co-defendant. *Cleveland*, 703 A.2d at 1048.

Here, the court stated its rationale for imposing Appellant's sentence, noting the severity of the crime and impact on the victims, but also recognizing Appellant's youth and potential for rehabilitation. *See* N.T., 10/28/19, at 6 ("This of course is a horrible offense, to have someone come into your home and threaten you in this fashion; … you're a young person with a lot of life ahead of you, and I commend you for the fact that you want to get this

- 10 -

resolved and move on with your working life and with your family life.").[2] Moreover, the court was informed by a PSI, **see id.** at 1. It is "presumed that the court [wa]s aware of all appropriate sentencing factors and considerations, and [] where the court has been so informed, its discretion should not be disturbed." **Commonwealth v. Ventura**, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citing **Commonwealth v. Devers**, 546 A.2d 12, 18-19 (Pa. 1988)).

In sum, our review discloses that Appellant's sentence – at the low end of the standard range of the guidelines – was not excessive or unreasonable. The record reflects that the court considered the PSI and all evidence presented at the sentencing hearing (as well as all relevant statutory factors, **see** 42 Pa.C.S.A. § 9721(b)), and sentenced Appellant accordingly. **See**, **e.g.**, **Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa. Super. 2010) (stating "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code," and holding sentence was not unreasonable where court had the benefit of a PSI and imposed a standard range sentence); **Commonwealth v. Raven**, 97 A.3d 1244, 1254-55 (Pa. Super. 2014) (defendant's standard-range sentences were neither unreasonable nor excessive where "the record reflects that the [sentencing] court carefully considered all of the evidence presented at the sentencing hearing.").

---

[2] The court also considered defense counsel's argument that Appellant "should probably receive something less" than Co-Defendant. **Id.** at 5.

As the trial court set forth adequate reasons for Appellant's sentence, and Appellant's disparate sentencing issue lacks merit, prior counsel was not ineffective. **See Jones**, 942 A.2d at 907-08 (rejecting claim of ineffectiveness for failure to preserve challenge to discretionary aspects of sentencing where there was no merit to the claim); **see also Commonwealth v. Ligons**, 971 A.2d 1125, 1156 (Pa. 2009) (counsel cannot be deemed ineffective for failing to raise a meritless claim).

Finally, as prior counsel was not ineffective, there is no merit to Appellant's claim that the PCRA court erred by relying on language from a footnote in **Davis-Osterhoudt**, **supra**. **See** PCRA Court Opinion, 10/27/21, at 9 ("the court did not pull the *dicta* into this case to support its conclusion, but instead reviewed the context of the entire portion of the *dicta* relied upon by Appellant and determined that this evidence was insufficient to sustain Appellant's burden that [prior] counsel's alleged ineffectiveness prejudiced him." (emphasis omitted)).

For the above reasons, the PCRA court dd not err in denying Appellant's petition for post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/01/2022

- 12 -